IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEWIS FITZGERALD DYER, | ) | CASE NO. 8:11CV312 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DENNIS BAKEWELL, Warden, and | ) | |
| NEBRASKA STATE PENITENTIARY, | ) | |
| | ) | |
| Respondents. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made three claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One: Petitioner was denied due process of law in violation of the Fourteenth Amendment *because:* (1) his conviction was against the greater weight of the evidence; (2) the trial court abused its discretion in finding Petitioner guilty and allowing the August 20, 2009 passenger manifest and hearsay testimony about the passenger manifest; (3) the cumulative effect of the trial court's errors resulted in an unfair trial; and (4) the State used drug courier profile testimony as substantive evidence of Petitioner's guilt.

Claim Two: Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment *because* his trial counsel failed to: (1) challenge the illegal detention, search, and custodial interrogation of Petitioner made by the NSP investigator; (2) file a motion to suppress any evidence obtained from Petitioner and/or his personal belongings based upon the illegal detention, search, and custodial interrogation initiated by NSP; (3) file a motion to suppress based on the NSP's failure to obtain a search warrant prior to opening Petitioner's suitcase; (4) object to the admission of the passenger manifest on the basis of foundation and best evidence; (5) object to the

                    testimony of the NSP investigator and the admission of the handwritten baggage claim check on the basis of hearsay, foundation, and/or authentication; and (6) challenge the fact that the NSP violated Petitioner's Miranda rights.

Claim Three:    The trial court erred in: (1) admitting the August 20, 2009, passenger manifest for demonstrative purposes; (2) allowing testimony based upon the contents of that manifest in violation of Neb. Rev. Stat. §27-801(3), §27-803(5), and §27-1002,; and (3) admitting nine grams of marijuana, all over the relevance objection of the defense.

Liberally construed, the court preliminarily decides that Claims One and Two are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought. Liberally construed, the court decides that Claim Three is not cognizable in a federal court habeas action, as it involves questions of state law only that have been decided by a state court. *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005).

Petitioner also seeks the appointment of counsel. (Filing No. 5.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994), (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section*

*2254 Cases in the United States District Courts*, (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (Filing No. 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: Claims One and Two;

2. The court decides that Claim Three is not cognizable in a federal court habeas action and is therefore dismissed;

3. Petitioner's request for the appointment of counsel (Filing No. 5) is denied without prejudice to reassertion;

4. The Clerk of the court is directed to mail copies of this memorandum and order and the section 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail;

5. By **November 21, 2011**, the respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 21, 2011**: deadline for respondent to file state court records in support of answer or motion for summary judgment;

6. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the

        petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner;**

7.    If the respondent elects to file an answer, the following procedures shall be followed by the respondent and the petitioner:

    A.    By **November 21, 2011**, the respondent shall file all state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    B.    No later than 30 days after the filing of the relevant state court records, the respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*,

    *e.g.*, Rules 5(b) and 9 of the the *Rules Governing Section 2254 Cases in the United States District Courts*.

  C. Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner at the time they are filed with the court *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

  D. No later than 30 days following the filing of respondent's brief, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court;

  E. No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision;

  F. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **December 21, 2011**: check for respondent to file answer and separate brief; and

8. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 6th day of October, 2011.

              BY THE COURT:

              s/Laurie Smith Camp
              United States District Judge

---

  *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.